UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORMA WALKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MACY'S RETAIL HOLDING, INC., and )<br>WAL-MART STORES, INC., )<br>)<br>Defendants. ) | No. 14 C 2513<br><br>Chief Judge Rubén Castillo |

## MEMORANDUM OPINION AND ORDER

Norma Walker ("Plaintiff") filed this action in the Circuit Court of Cook County against Macy's Retail Holding, Inc. ("Macy's) and Wal-Mart Stores, Inc. ("Wal-Mart") (collectively "Defendants") alleging state law negligence claims. (R. 1-1, Compl.) Wal-Mart removed the action to this Court. (R. 1, Notice of Removal.) Presently before the Court is Plaintiff's motion to remand the case to state court. (R. 17, Pl.'s Mot. to Remand.) For the reasons set forth below, the motion is denied.

## BACKGROUND

Plaintiff is a citizen and resident of Illinois. (R. 1-1, Compl. at 1.) Wal-Mart is a Delaware corporation with its executive headquarters in Arkansas. (R. 1, Notice of Removal at 1.) Macy's is a New York corporation with its executive headquarters in Ohio. (*Id.* at 2.) On February 28, 2014, Plaintiff filed suit against Defendants in state court. (R. 1-1, Compl.) She alleges that on January 14, 2014, she was severely injured when clothing she had purchased from Defendants' stores caught fire while she was using the stove in her kitchen. (*Id.* at 1-5.) She alleges that the clothing burned more rapidly than it should have, and that it was not safe or fit for normal use. (*Id.* at 3, 5.) She claims to have suffered "severe burns to her face and arms and

body," necessitating medical treatment and causing her physical pain and economic losses. (*Id.* at 2, 5.) She included a prayer for damages "in an amount in excess of . . . $50,000" against each Defendant. (*Id.* at 3, 5.)

On March 4, 2014, Wal-Mart was served with the complaint. (R. 1, Notice of Removal at 2.) On April 8, 2014, Wal-Mart filed a notice of removal with this Court, asserting that diversity jurisdiction exists under 28 U.S.C. § 1332. (*Id.* at 1.) On June 9, 2014, Plaintiff filed a motion to remand the case to state court.[1] (R. 17, Pl.'s Mot. to Remand.) She argues that the notice of removal was defective because it was not filed within 30 days after Wal-Mart was served with the complaint. (*Id.* at 1.) Defendants filed a joint response objecting to the remand. (R. 22, Defs.' Resp.) Thereafter, Plaintiff filed a reply in support of her motion. (R. 24, Pl.'s Reply.)

## LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a). A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "In considering a motion for remand, the court

---

[1] The Court notes that several of Plaintiff's filings, including her motion to remand, do not contain a certificate of service as required by Federal Rule of Civil Procedure 5(d)(1) and Northern District of Illinois Local Rule 5.5(b). In the future, any filings by Plaintiff that do not contain a certificate of service will be stricken.

2

must examine the plaintiff['s] complaint at the time of the defendant's removal and assume the truth of all factual allegations contained within the original complaint." *Scouten v. MNL-FTS, LLC*, 708 F. Supp. 2d 729, 731 (N.D. Ill. 2010) (citation omitted).

## ANALYSIS

Plaintiff argues that Wal-Mart's notice of removal was not timely filed within 30 days of service, and was instead late by four days. (R. 17, Pl.'s Mot. Remand at 1-2.) Defendants disagree that the notice was untimely, and argue that the notice was promptly filed after they obtained information through discovery to suggest that Plaintiff's damages likely exceeded $75,000. (R. 22, Defs.' Resp. at 2-3; R. 22-5, Keil Aff. ¶ 6.) The Court need not resolve this dispute because, ironically, Plaintiff's motion to remand was itself untimely.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]" 28 U.S.C. § 1447(c). This 30-day time limit "prevents shuttling of cases between state and federal court, and it prevents extended litigation that does no more than determine where the litigation shall proceed." *In re Matter of Cont'l Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994). In this case, Wal-Mart's notice of removal was filed on April 8, 2014. (R. 1, Notice of Removal.) Plaintiff waited until June 9, 2014, to file her motion to remand, which was more than 30 days after the notice of removal was filed. (R. 17, Pl.'s Mot. to Remand.) The issue raised by Plaintiff in her motion—untimeliness of the notice—does not pertain to the Court's subject matter jurisdiction and is thus subject to waiver. *See Pettitt v. Boeing Co.*, 606 F.3d 340, 343 (7th Cir. 2010) (procedural defects in the removal process "are waived if a party does not bring a timely motion to remand the case to state court" (citing 28 U.S.C. § 1447(c))); *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998) ("[A]ny defect in the removal process other than the lack of

3

subject-matter jurisdiction must be raised within 30 days or is forfeited."); *see also In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997) ("The untimeliness of a removal is a procedural, instead of a jurisdictional, defect."); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 932 (S.D. Ill. 2006) (objection to removal based on untimeliness was waived where plaintiff raised it more than 30 days after the notice of removal was filed).

Additionally, the pleadings reflect that the requirements of diversity jurisdiction are met in this case. *See* 28 U.S.C. § 1332(a). Plaintiff is a citizen of Illinois, whereas the corporate Defendants are citizens of Delaware, New York, and other states. 28 U.S.C. § 1332(c)(1). The notice of removal asserts that the amount in controversy exceeds $75,000, and this appears to be a reasonable, good-faith estimate in light of Plaintiff's claim that she suffered severe burns to her face and body as a result of defects in the clothing she purchased at Defendants' stores.[2] *See Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (the party seeking removal does not have to establish what damages the plaintiff will actually recover, but only needs to provide a plausible, good-faith estimate of how much is in controversy between the parties). Plaintiff does not challenge this amount; indeed, in a proposed amended complaint she tendered in this case,

---

[2] Where jurisdiction is based on diversity, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," 28 U.S.C. § 1446(c)(2), except that the notice of removal may set forth the amount in controversy if the initial pleading seeks "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," 28 U.S.C. § 1446(c)(2)(A)(ii). In her original complaint, Plaintiff made a general demand for damages "in excess of $50,000" against each Defendant rather than listing a specific amount. (*See* R. 1-1, Compl. at 3, 5.) This appears to be based on state pleading practice. *See Dloogatch v. Brincat*, 920 N.E.2d 1161, 1169 (Ill. App. Ct. 2009) ("Generally, a plaintiff is not required to plead a legal theory for calculating damages in the complaint; plaintiffs must allege 'damage,' i.e., a loss, hurt or harm which results from the injury."); *Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc.*, 546 N.E.2d 33, 38 (Ill. App. Ct. 1989) ("It is an established rule of pleading that general damages . . . need not be specifically pleaded." (citation omitted)); *see also* Ill. S. Ct. R. 222(a), (b) (providing for mandatory arbitration and streamlined discovery in cases involving less than $50,000, and requiring that any civil action seeking money damages specify whether "the total of money damages sought does or does not exceed $50,000").

she acknowledges that her damages—for months of hospitalization, "excruciating physical pain," "burns," and "numerous skin grafts"—exceed $75,000. (R. 18-1, Pl.'s Proposed Third Am. Compl. ¶¶ 8, 25.) She made this same acknowledgement in a status report filed earlier in the case. (*See* R. 13, Joint Status Report at 2-3.) Based on the record, the Court concludes that the amount in controversy exceeds $75,000.

Accordingly, because Plaintiff did not timely move to remand based on a procedural defect in the removal process, her motion cannot be granted.[3] *Pettitt,* 606 F.3d at 343; *McMahon,* 150 F.3d at 653. In other words, "even if the defect in the removal process could have justified a remand . . . because 30 days passed without protest—and the problem does not imperil subject matter jurisdiction—the case is in federal court to stay." *Pettitt,* 606 F.3d at 343 (internal quotation marks and citation omitted).

---

[3] Although the Court need not reach this issue, it appears that the notice of removal was in fact timely. As noted above, Plaintiff's original complaint did not specify an amount of damages in excess of $75,000. (R. 1-1, Compl.) Where it is not apparent from the complaint that the case is removable, a notice of removal may be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one in which is or has become removable." 28 U.S.C. § 1446(b)(2)(C)(3). In diversity cases, "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper'" for purposes of this provision. 28 U.S.C. § 1446(b)(3)(A). In this case, one of Wal-Mart's attorneys attests that on April 7, 2014, she had a telephone conference with Plaintiff's counsel after serving a discovery request on Plaintiff; during this telephone conference Plaintiff's counsel told her that Plaintiff had been in the hospital for more than three months as a result of her injuries. (R. 22-5, Keil Aff. ¶ 6.) This led Defendants to conclude that Plaintiff's damages likely exceeded $75,000. (R. 22, Defs.' Resp. at 2-3.) The notice of removal was filed the day after this information was obtained. (R. 1, Notice of Removal.)

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (R. 17) is denied. Plaintiff is granted 30 days to file an amended complaint in this federal action. The parties are ordered to appear for a status hearing on April 1, 2015, at 9:45 a.m., and to exhaust all settlement possibilities prior to the hearing.

ENTERED: _____
**Chief Judge Rubén Castillo
United States District Court**

**Dated: February 26, 2015**

6